IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J HUDSON, LLC, an Oklahoma limited liability company, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>SIMMONS BANK, an Arkansas state bank, )<br>)<br>Defendant/Counterclaimant, )<br>)<br>v. )<br>)<br>PIVOT PROJECT DEVELOPMENT, LLC, )<br>an Oklahoma limited liability company, )<br>CANDACE BAITZ, an individual, )<br>JONATHAN DODSON, an individual, )<br>DAVID WANZER, RUSSEL WANTLAND, )<br>an individual, JE DUNN )<br>CONSTRUCTION COMPANY and )<br>PRISM ELECTRIC, INC., )<br>)<br>Counterclaim Defendants. ) | Case No. CIV-24-1071-D |

## **ORDER**

Before the Court is a Motion to Consolidate [Doc. No. 50]. Counterclaim Defendants Candace Baitz, Jonathan Dodson, David Wanzer, Russell Wantland, and Pivot Project Development, LLC (the "Guarantors"), and Plaintiff/Counterclaim Defendant J&J Hudson, LLC ("J&J"), ask the Court to consolidate the instant action (the "J&J Action") with Case No. CIV-24-1162 under Fed. R. Civ. P. 42. The latter case (the "JE Dunn Action") is also proceeding in this Court and was filed by Counterclaim Defendant JE Dunn Construction Company ("JE Dunn"). For the reasons set forth below, the motion is granted.

1

**Background**

J&J is the owner of an office building located at 1204 N. Hudson Ave, Oklahoma City, Oklahoma 73103 (the "Property"). Defendant Simmons Bank ("Simmons") financed the Property's construction, and the Guarantors guaranteed J&J's obligations under the relevant loan documents. Counterclaim Defendant JE Dunn was the general contractor for the Property's construction, and Counterclaim Defendant Prism Electric, Inc. ("Prism") was a subcontractor performing certain electrical work.

During construction, J&J alleges that JE Dunn and/or its subcontractors (the "construction companies") caused certain delays. For example, in the instant filing, the movants claim that the construction companies ordered windows that did not conform to the project's plans and then tried to convince J&J to accept the nonconforming windows for several weeks before finally remedying the situation. According to J&J, Simmons refused to release funds because of the delays. J&J was then unable to pay the construction companies.

JE Dunn and Prism recorded mechanics and materialmen's liens against the Property. One of those liens, however, (the lien related to the dispute over the nonconforming windows) has since been discharged pursuant to a settlement in the JE Dunn Action.[1]

One week after J&J filed its complaint in this case, JE Dunn filed the JE Dunn

---

[1] West Bend Insurance Company ("West Bend") was a surety and party in the JE Dunn action. West Bend issued a lien discharge bond with respect to JE Dunn's window-related lien and was subsequently dismissed from the JE Dunn Action pursuant to the above-mentioned settlement. *See* (Doc. No. 29 in Case No. 24-1162).

Action,[2] seeking to enforce its remaining lien and foreclose on the Property.[3]

## The Parties' Arguments

The movants argue consolidation is appropriate because J&J could then present to the factfinder both the construction delays and the extent to which those delays were a proper basis for Simmons's decision to postpone releasing loan funds. Furthermore, both cases involve the priority of the various liens and nearly identical litigants—only the Guarantors are not a party in both cases. Lastly, foreclosure in either action would deprive J&J of its right to litigate the merits of its claims in the surviving suit.

In its response, JE Dunn argues consolidation will force it to participate in "lengthy pretrial proceedings and discovery between J&J and Simmons." According to JE Dunn, the dispute between J&J and its lender is irrelevant to its foreclosure action, and the only

---

[2] The construction contract between J&J and JE Dunn requires all disputes related to the contract be arbitrated with the American Arbitration Association. JE Dunn has filed a demand for arbitration to adjudicate its claims for payment for the construction work it performed on the Property. It states that, once an arbitration award has been entered establishing the amount of JE Dunn's lien, the arbitration award must be affirmed before this Court in the JE Dunn Action.

[3] In the JE Dunn Action, JE Dunn asserts claims against J&J for breach of the construction contract, a claim against the lien discharge bond issued by West Bend, and foreclosure of JE Dunn's second lien against the property.

In this action, J&J asserts claims against Simmons for (1) breach of their loan agreement, (2) fraud and misrepresentation, (3) breach of fiduciary duty, (4) breach of the implied covenant of good faith and fair dealing, and (5) breach of construction trust. Simmons asserts counterclaims including (1) foreclosure on its mortgage, (2) foreclosure of a security interest and replevin, and (3) an action against the Guarantors for their obligations under the loan. Finally, Simmons asks for an appointment of a receiver over the property.

[3] In its Reply, J&J asserts "nothing about the settlement precludes J&J from asserting the delays as a defense to the claims of JE Dunn and/or Simmons, and certainly it does not limit J&J's ability to present all relevant evidence to the jury about what caused the situation by and among the parties." Reply [Doc. No. 58 at p. 6].

3

overlapping factual issue (the windows) was already settled and is therefore immaterial.[4] Lastly JE Dunn argues a foreclosure sale could still move forward in the JE Dunn Action even if the instant action is not completed because any sale would be subject to Simmons's and Prism's claims on the property.

Simmons responded to the instant motion [Doc. No. 54]. Simmons asserts that the only overlapping issue between the two cases is lien priority; that construction delays were not the cause of Simmons's decision to withhold loan disbursements; that the parties have competing and complicated jury trial rights; and that J&J will not be prejudiced by denying the instant motion.

**Analysis**

Consolidation is governed by Fed. R. Civ. P. 42 and turns on the extent to which the two cases involve "a common question of law or fact." "Relevant considerations include whether consolidation would promote convenience, expedience, and judicial economy and avoid delay, confusion, or prejudice to the parties." *Miller Mendel, Inc. v. City of Oklahoma City*, No. CIV-18-990-JD, 2020 WL 9597840, at *2 (W.D. Okla. July 24, 2020) (internal citation omitted). The moving party "bears the burden of proving that consolidation is desirable." *Snider on behalf of Seventy-Seven Energy Inc. Ret. & Sav. Plan v. Admin. Comm.*, No. CIV-20-977-D, 2020 WL 7630700 (W.D. Okla. Dec. 22, 2020). A trial court

---

[4] In its Reply, J&J asserts "nothing about the settlement precludes J&J from asserting the delays as a defense to the claims of JE Dunn and/or Simmons, and certainly it does not limit J&J's ability to present all relevant evidence to the jury about what caused the situation by and among the parties." Reply [Doc. No. 58 at p. 6].

4

has "broad discretion" in ordering consolidation. *Gillette Motor Transport v. Northern Oklahoma Butane Company*, 179 F.2d 711, 712 (10 Cir. 1950).

Upon consideration of the issues and briefs, the Court finds the movants have carried their burden and consolidation is proper under Fed. R. Civ. P. 42. Both cases involve disputes over the same piece of real property and a decision in one will invariably affect the other. Consolidation here promotes convenience, expedience, and judicial economy by combining discovery and avoiding the delay and expense of two separate trials where issues and parties substantially overlap.[5]

**IT IS THEREFORE ORDERED** that the Court,

1. **GRANTS** the Motion to Consolidate [Doc. No. 50];

2. **CONSOLIDATES** Case No. CIV-24-1071 with Case No. CIV-24-1162;

3. **DIRECTS** the parties to file all future pleadings, motions, and other papers in the instant case CIV-24-1071—which will maintain its current caption as is; and

4. **DIRECTS** the Court Clerk to administratively close, until further notice, Case No. CIV-24-1162.

**IT IS SO ORDERED** this 30th day of July, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] None of the arguments advanced against consolidation here compel a different outcome. Simmons's argument about competing jury trial demands also does not alter the Court's analysis. The Court is accustomed to untangling equitable and legal remedies.