IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J HUDSON, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) )   Case No. CIV-24-1071-D |
| SIMMONS BANK, an Arkansas state bank; | ) ) ) |
| Defendant/Counterclaimant, | ) ) |
| v. | ) ) |
| PIVOT PROJECT DEVELOPMENT, LLC, an Oklahoma limited liability company; CANDACE BAITZ, an individual; JONATHAN DODSON, an individual; RUSSELL WANTLAND, an individual; DAVID WANZER, an individual; JE DUNN CONSTRUCTION COMPANY, and PRISM ELECTRIC, INC., | ) ) ) ) ) ) ) ) |
| Counterclaim Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff/Counterclaimant J&J Hudson, LLC's Motion to Compel [Doc. No. 87] seeking to compel discovery responses from Defendant/Counterclaimant Simmons Bank. The motion is fully briefed [Doc. Nos. 99, 105] and at issue.

### *Background*

This action concerns the financing and construction of a commercial real estate project. According to J&J's allegations, J&J and Simmons Bank entered into a Loan

1

Agreement on September 8, 2022, that extended financing to J&J for the construction project. The Loan Agreement provided for an interest-only line of credit through completion of construction, which was anticipated to be September 8, 2024. At completion, the loan would convert to a twenty-four month term loan with principal and interest payments to be made at the same interest rate.

The project experienced several delays that were allegedly caused by JE Dunn, the general contractor, and Prism, an electrical subcontractor. So, in mid-2023, J&J approached the Bank to arrange an extension of the maturity date of the interest only line of credit. The Bank allegedly assured J&J that an extension would be granted when the time came.

Additional construction delays ensued and on June 7, 2024, JE Dunn filed a lien against the project. Following the filing of the lien, the Bank allegedly refused to advance any additional funds or provide a letter of credit to bond around the lien unless J&J made a large deposit at the Bank. When J&J eventually made the deposit, the Bank refused to honor its agreement to issue a letter of credit or extend the loan period. The Bank issued a notice of default to J&J on October 10, 2024, and J&J filed this lawsuit four days later.

J&J asserts claims against the Bank for breach of contract, fraud, breach of fiduciary duty, breach of implied duty of good faith and fair dealing, and breach of construction trust. The Bank filed an Answer and Counterclaims against J&J seeking recovery of the amounts owed under the Loan Agreement, appointment of a receiver, foreclosure of the Bank's mortgage and security interest, and an action against the Guarantors (which include Defendants Baitz, Dodson, Wanzer, Wantland, and Pivot) for their obligations under the

loan. JE Dunn asserts claims against J&J for breach of contract and foreclosure of the lien.

At issue in the present motion is the adequacy of the Bank's responses to J&J's first set of written discovery. J&J contends the Bank has imposed an overly narrow time limit on several requests, utilized an overly restrictive ESI protocol, and failed to produce documents concerning the employee who oversaw the loan at the center of this case. The Bank contends that it has fulfilled its discovery obligations and J&J's arguments lack merit.

### *Standard*

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Although the scope of discovery is broad, it "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotations and citation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619-CVE-TLW, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). Conversely, when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id*.

3

*Discussion*

At the outset, the Court notes that J&J's motion does not sufficiently develop an argument in support of the relief it seeks. The motion states that the Bank's responses to five interrogatories and twelve requests for production are deficient but then fails to identify the specific discovery requests at issue. And apart from a few conclusory statements about the purported unreasonableness of the Bank's time limitations, ESI protocol, and withholding of personnel documents, the motion does not explain why any specific discovery response is deficient or why the requested information is within the scope of discovery. Although the motion refers to a deficiency letter that lists several disputed discovery requests, the letter also contains conclusory arguments that do little to explain why J&J's request for supplementation is warranted. J&J's reply adds slightly more detail, but these belated arguments are also unpersuasive.

Turning to the general issues listed in the motion, J&J first complains that the Bank used an overly restrictive ESI protocol to perform a search for responsive documents. The Bank's response describes its ESI protocol, which identified fourteen document custodians and utilized multiple search terms. J&J provides no argument or reasoning as to why this protocol is deficient, and the Court will not venture to guess. The protocol appears reasonably designed to capture responsive documents and adjustments to the protocol will not be ordered.

J&J also contends that some of the Bank's responses imposed an overly narrow time limitation. Although not specifically identified by J&J, this argument appears to be directed at Interrogatory No. 4 and Requests for Production Nos. 3, 5, 10, 13, 14, 15, 17, 18 and 19.

4

These requests seek communications and documents regarding topics such as the construction project, JE Dunn's lien, interest rate changes, the requested extension of the loan terms, and the denial thereof. The Bank's response limits its production to the time period from January 1, 2023 through October 13, 2024 (the day before J&J filed this lawsuit). This time period is reasonably tethered to J&J's claims, which are premised on the Bank's mid-2023 assurances that it would extend the construction loan and its subsequent refusal to do so. J&J contends in its reply brief that it is entitled to discovery "regarding the Bank's decision to make assurances to J&J, which it later failed to fulfill." But again, according to J&J's allegations, these assurances and failures occurred from mid-2023 through 2024, and therefore fall within the time period utilized by the Bank. Further, J&J has not explained why its proposed time frame, which extends well over a year before the Loan Agreement was even signed, is relevant or proportional to the needs of this case. Accordingly, no further production with respect to the time frame will be ordered.

  J&J next argues that the Bank should supplement its responses to Requests for Production Nos. 20 and 21, which seek performance evaluations, incentive plans, compensation records, and personnel files for the Bank employee who primarily handled J&J's loan. "[P]ersonnel files often contain sensitive personal information" and although they are not "categorically out-of-bounds," courts should "be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Request No. 20, which seeks the entire contents of the personnel file as opposed to a more targeted set of records, is overly broad on its face. Further, J&J has failed to provide any non-conclusory explanation connecting its request for employment

5

records to its specific claims and allegations. For example, J&J has not explained how the employee's compensation and performance reviews relate to J&J's allegation that the Bank breached the loan agreement or made misrepresentations about its intention to extend the loan's maturity date. Although the Court could potentially narrow these requests to bring them within acceptable limits, the Court declines to do so here as the parties are responsible for propounding proper discovery requests. *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017).

The Court has reviewed the remaining discovery responses that appear to be in dispute and is satisfied that the Bank has complied with its discovery obligations, particularly given the absence of any specific argument to the contrary by J&J.

### *Conclusion*

For the reasons explained above, J&J Hudson, LLC's Motion to Compel Simmons Bank to Respond to Discovery Requests [Doc. No. 87] is DENIED.

IT IS SO ORDERED this 9th day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge