## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

J&J HUDSON, LLC, an Oklahoma limited
liability company,

Plaintiff/Counterclaim Defendant,

v.

SIMMONS BANK, an Arkansas state bank,

Defendant/Counterclaimant,

v.

PIVOT PROJECT DEVELOPMENT, LLC, an
Oklahoma limited liability company;
CANDACE BAITZ, an individual;
JONATHAN DODSON, an individual;
RUSSELL WANTLAND, an individual;
DAVID WANZER, an individual; and JE
DUNN CONSTRUCTION COMPANY,

Counterclaim Defendants.

Case No. CIV-24-1071-D

## ORDER

Before the Court is JE Dunn Construction Company's Motion to Confirm Arbitration Award and Reduce Same to Judgment [Doc. No. 121]. J&J Hudson, LLC filed a Response in Opposition [Doc. No. 126] and JE Dunn and Simmons Bank each filed a reply brief [Doc. Nos. 132, 134]. The matter is now at issue.

This action arises from the financing and construction of a commercial building owned by J&J. Simmons Bank financed the construction of the building and JE Dunn served as the general contractor. Highly summarized, J&J alleges that JE Dunn and/or its subcontractors caused certain delays during construction and the Bank improperly refused

1

to make loan advances or extend the loan period. Eventually, JE Dunn filed a lien against the property and the Bank declared J&J in default under the terms of the loan agreement. According to J&J, it was unable to pay JE Dunn because the Bank wrongfully refused to release funds under the loan agreement.

J&J initiated this action against the Bank asserting claims for breach of contract, fraud, breach of fiduciary duty, breach of implied duty of good faith and fair dealing, and breach of construction trust. The Bank asserted counterclaims against J&J seeking recovery of the amounts owed under the loan agreement, appointment of a receiver, and foreclosure of the Bank's mortgage and security interests securing repayment of loan. The Bank's foreclosure claim implicates JE Dunn because the Bank claims that its mortgage has priority over JE Dunn's lien. The Bank also asserted a separate claim against the guarantors that guaranteed J&J's obligations under the loan agreement.

Shortly after J&J initiated its action against the Bank, JE Dunn filed a separate action asserting a claim for breach of contract against J&J and seeking foreclosure of its lien. JE Dunn's foreclosure claim asserts that the Bank's interest in the property is junior to JE Dunn's lien. The Bank counterclaimed against JE Dunn seeking a declaratory judgment regarding the priority of the liens.

J&J and the guarantors then filed a motion seeking to consolidate the action initiated by J&J with the action initiated by JE Dunn. In support of its motion to consolidate, J&J explained that both the Bank and JE Dunn are seeking foreclosure and a judgment against J&J in either case would force a sale of the property. A sale of the property, J&J argued, would effectively grant the Bank and JE Dunn the relief they are seeking – payment of the

2

amounts owed to them – without giving J&J the opportunity to fully litigate the merits of its claims. The Court granted the motion to consolidate, finding that both actions involve disputes over the same property and a decision in one will invariably affect the other.

In the meantime, JE Dunn filed a demand for arbitration to adjudicate its claim for payment for the construction work performed on the property. JE Dunn and J&J proceeded to arbitration and, on February 17, 2026, the arbitrator issued an award in favor of JE Dunn. JE Dunn now moves pursuant to Okla. Stat. tit. 12, §§ 1873 and 1876[1] for an order confirming the arbitration award and reducing the same to judgment. J&J opposes the request, arguing that the Court should exercise its inherent authority to stay confirmation of the award until J&J's claims against the Bank have been resolved. In support, J&J advances an argument similar to what it made in support of its request for consolidation, namely that confirming the award and entering judgment on this claim will force a sale of the property and prejudice J&J's ability to litigate its claims against the Bank. JE Dunn (and the Bank) counter that there is no basis to delay confirmation of the arbitration award and proceeding to a foreclosure sale would not impair J&J's ability to litigate its separate claims against the Bank.

---

[1] JE Dunn moves for confirmation of the award pursuant to the Oklahoma Uniform Arbitration Act, Okla. Stat. tit. 12, §§ 1873 and 1876. However, in its reply brief, JE Dunn contends that the parties' arbitration agreement is governed by the Federal Arbitration Act, 9 U.S.C § 1, et seq. The issue of whether federal or state law governs the arbitration agreement is not material to the outcome of this motion. *See Wilbanks Sec., Inc. v. McFarland*, 231 P.3d 714, 719 n.11 (Okla. Civ. App. 2010) ("Oklahoma courts look to the FAA in interpreting Oklahoma's arbitration laws, even when no interstate commerce is at issue nor any agreement that falls within the FAA.").

Under of the Federal Arbitration Act, "a court 'must' confirm an arbitration award" unless one of the specifically enumerated statutory grounds for vacating or modifying the award exists. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). However, even where grounds for vacating or modifying an award are not present, some courts have postponed the enforcement of an arbitration award pending the resolution of related claims. *See Hewlett-Packard Co. v. Berg,* 61 F.3d 101, 105 (1st Cir. 1995) (concluding that a district court has "the power to issue a stay" of confirmation of an arbitration award for "prudential reasons," including "the pendency of a related proceeding"); *White River Vill., LLP v. Fid. & Deposit Co. of Maryland,* No. 08-CV-00248-REB-MEH, 2014 WL 976881, at *2 (D. Colo. Mar. 12, 2014) (confirming award that resolved third-party and counterclaims but postponing entry of final judgment under Fed. R. Civ. P. 54); *Abbott v. Mulligan*, 647 F. Supp. 2d 1286, 1292 (D. Utah 2009), aff'd sub nom. *Abbott v. L. Off. of Patrick J. Mulligan*, 440 F. App'x 612 (10th Cir. 2011) (confirming arbitration award but declining to enter final judgment under Fed. R. Civ. P. 54); *Middleby Corp. v. Hussmann Corp.*, 962 F.2d 614, 616 (7th Cir. 1992) (recognizing that "delay incident to an orderly process is a far cry from 'denying' confirmation").

Here, the Court is persuaded that postponing confirmation and entry of judgment as to the arbitration award is warranted. Even if JE Dunn's claim for payment for the construction work was conclusively resolved in the arbitration, there are multiple additional claims that are still pending in this consolidated action. Further, JE Dunn has not adequately shown it will suffer any undue prejudice or irreparable injury from an additional delay, particularly given that the delay in payment can be compensated with interest. As a

final point, the Court notes that J&J's response indicates that it intends to challenge the validity of the arbitration award and the statutory deadline for seeking vacatur has not yet expired. *See* 9 U.S.C. § 12. Although J&J would have been better served to move to vacate the award or at least include the substantive reasons for seeking vacatur in its response brief, courts are generally wary of confirming an arbitration award where the opposing party expresses its intent to challenge the award. *See Loda Okla, LLC v. Overall*, No. 13-CV-191-GKF-FHM, 2014 WL 12704716, at *2 (N.D. Okla. Oct. 9, 2014).

For these reasons, and given the unique circumstances of this case, the Court declines to confirm and enter judgment on the arbitration at this time. JE Dunn Construction Company's Motion to Confirm Arbitration Award and Reduce Same to Judgment [Doc. No. 121] is therefore DENIED without prejudice to re-filing at a later date.

IT IS SO ORDERED this 10th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge