# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

J&J HUDSON, LLC, an Oklahoma limited
liability company,

Plaintiff/Counterclaim Defendant,

v.

SIMMONS BANK, an Arkansas state bank,

Defendant/Counterclaimant,

v.

PIVOT PROJECT DEVELOPMENT, LLC, an
Oklahoma limited liability company;
CANDACE BAITZ, an individual;
JONATHAN DODSON, an individual;
RUSSELL WANTLAND, an individual;
DAVID WANZER, an individual; and JE
DUNN CONSTRUCTION COMPANY,

Counterclaim Defendants.

Case No. CIV-24-1071-D

## ORDER

Before the Court is J&J Hudson, LLC's Motion to Vacate Arbitration Award [Doc. No. 149] seeking to vacate the final arbitration award entered in favor of JE Dunn Construction Company. JE Dunn filed a response in opposition [Doc. No. 151] and J&J replied [Doc. No. 154]. The matter is now at issue.

### *Relevant Background*

This consolidated action concerns various disputes between J&J (the owner of a commercial real estate building), Simmons Bank (the entity that financed the construction of the building), and JE Dunn (the general contractor for the building project). At the center

1

of the pending motion is the dispute between J&J and JE Dunn regarding J&J's alleged failure to pay JE Dunn for work it performed.

J&J and JE Dunn entered into a contract for the construction of the building. During construction, a dispute arose regarding JE Dunn's request to install windows that differed from the original specifications. As a result of this dispute, and consistent with the contract's arbitration clause, JE Dunn initiated an arbitration action against J&J in April 2024. Approximately two months later, in June 2024, JE Dunn filed its First Lien to secure payment for labor and materials furnished on the project. J&J contends that the First Lien improperly sought payment for work that had not been performed and was a transparent attempt to force J&J into accepting the non-conforming windows that JE Dunn had mistakenly ordered.

In October 2024, with the arbitration still pending, JE Dunn filed a Second Lien to secure payment of the balance owed under the construction contract. And here is where the problem lies. J&J contends that, although its line of credit with Simmons Bank was sufficient to cover the balance owed, the Bank refused to advance additional funds to J&J while the First Lien was pending. Thus, according to J&J, the only reason JE Dunn was not paid the balance owed is because of JE Dunn's own actions, i.e. delaying the project by ordering the wrong windows and then improperly filing the First Lien.

J&J and JE Dunn eventually settled the dispute regarding the First Lien pursuant to a Partial Settlement Agreement and the First Lien was released. JE Dunn then filed a motion for summary judgment in the arbitration action seeking payment of the unpaid contract balance secured by the Second Lien. J&J filed a response brief asserting various

2

defenses stemming from JE Dunn's alleged delays and arguing that the Partial Settlement Agreement executed in connection with the First Lien does not preclude the presentation of these defenses. JE Dunn's reply brief argued, among other things, that J&J is precluded from presenting the circumstances surrounding the project delays and filing of the First Lien as an affirmative defense because those circumstances were already litigated and resolved via the Partial Settlement Agreement.

The Arbitrator zeroed in on the preclusion issue and requested additional briefing as to whether a settlement can preclude the presentation of a defense. JE Dunn and J&J both provided supplemental briefs and presented oral argument at a hearing. The Arbitrator issued a written ruling concluding that, under the doctrine of res judicata, J&J cannot defend against JE Dunn's claim for the unpaid contract balance based on the construction delays that were resolved by the Partial Settlement Agreement. The Final Arbitration Award designated JE Dunn as the prevailing party and awarded it the unpaid contract balance plus interest, costs, and attorney fees.

J&J now moves to vacate the arbitration award based on the Arbitrator's purported refusal to consider any evidence to support its defenses. JE Dunn responds that an arbitrator's refusal to consider evidence on a defense that he found to be legally unavailable provides no basis to vacate an award.

### *Standard*

"The Federal Arbitration Act, 9 U.S.C. §§ 1–16, evinces a strong federal policy in favor of arbitration." *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995).[1] Consistent with this policy, "a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the FAA, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions[.]" *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001). The standard of review is "strictly limited" and "has been described as among the narrowest known to the law." *Id.* (internal quotation marks omitted).

The party seeking to vacate an arbitration award bears the burden of establishing a ground for relief. The FAA provides that vacation is proper

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Although not enumerated in the FAA, courts have also recognized that an arbitration award may be set aside for "violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing." *Sheldon v. Vermonty*, 269 F.3d 1202,

---

[1] Neither party disputes that the Federal Arbitration Act governs here.

1206 (10th Cir. 2001). "Outside of these limited circumstances, an arbitration award must be confirmed, and errors in either the arbitrator's factual findings or his interpretations of the law do not justify review or reversal." *Id.* (quotation marks and alterations omitted).[2]

## *Discussion*

J&J seeks to vacate the award on the ground that the Arbitrator was "guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy[.]" 9 U.S.C. § 10(a)(3). "In applying this standard, the Tenth Circuit has held that it will not vacate an award '[e]ven if the arbitrator erroneously excluded material evidence ... unless the error deprived a party of a fundamentally fair hearing." *Choice Inv. Mgmt., LLC v. Atea-Brookline, LLC*, No. 22-CV-02892-PAB-SKC, 2023 WL 6064597, at *6 (D. Colo. Sept. 18, 2023) (quoting *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. Partnership*, 25 F. App'x 738, 743 (10th Cir. 2001) (unpublished)). "[A] fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias." *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994).

Here, the arbitration record belies J&J's assertion that it was denied a fundamentally fair hearing. J&J's response brief presented facts and argument regarding JE Dunn's alleged construction delays, the scope of the Partial Settlement Agreement, and the

---

[2] The Tenth Circuit has recognized that "the Supreme Court cast doubt on the vitality of those judicially created reasons" but has not definitively foreclosed their application. *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1190 n. 3 (10th Cir. 2020). Because J&J has not shown that any of the judicially created reasons warrant vacatur of the arbitration award, there is no need for this Court to weigh in on this issue.

applicability of its various defenses. The Arbitrator ordered additional briefing on whether the delay defense was precluded by the parties' Partial Settlement Agreement and held a hearing. J&J therefore had ample opportunity to present its argument and material facts related to the delay defense to the Arbitrator. Although the Arbitrator did not consider J&J's evidence in support of its delay defense, he did so only after ruling that the defense was barred by the doctrine of res judicata.

The Arbitrator's refusal to consider evidence in support of a defense that he found to be legally unavailable does not support a finding that J&J was deprived of a fundamentally fair hearing. *See Shell Oil Company: SWEPI L.P. v. CO2 Comm., Inc.,* No. CV 06-1042 RB/DJS, 2007 WL 9734104, at *9 (D.N.M. May 24, 2007) (concluding that arbitration panel "did not deny Respondent a fundamentally fair hearing in excluding its proffered evidence" after finding that the evidence was not disclosed in accordance with the scheduling order); *Spine Surgery, Inc. ex rel. Odor v. Sands Bros.*, 393 F. Supp. 2d 1138, 1144 (W.D. Okla. 2005) (concluding that arbitration panel's limits on document production "did not deprive Defendants of a fundamentally fair hearing").[3]

---

[3] In its reply brief, J&J cites three out-of-circuit decisions for the proposition that courts may vacate an arbitration award where an erroneous legal determination leads to the exclusion of material evidence. But all three of these cases are distinguishable. In the first two cases, *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997), and *Lindsey v. Travelers Com. Ins. Co.*, 636 F. Supp. 3d 1181, 1185 (E.D. Cal. 2022), the arbitrator took evidence on the claims but unfairly prevented one side from introducing the only evidence available to support a crucial aspect of its claim. Here, in contrast, J&J was given an adequate opportunity to present its delay defense narrative to the Arbitrator but the Arbitrator declined to consider the evidence because he determined that the defense was, as a matter of law, unavailable. The third case, *Pearson Dental Supplies, Inc. v. Superior Ct.*, 677, 229 P.3d 83 (2010), is even less on point. There, the California Supreme Court, applying state law, vacated an arbitration award that incorrectly dismissed a claim as time barred. *Id.* at 92-93. The California Supreme Court took pains to note that its decision was limited to the circumstances before it, which involved a mandatory arbitration agreement and a legal error that deprived the claimant of a hearing on the merits of a claim based on a violation of an unwaivable

Perhaps anticipating this outcome, J&J spends much of its brief arguing that the Arbitrator's conclusion that the Partial Settlement Agreement precluded the presentation of its delay defense is wrong as a matter of law. Although J&J's position may have some force, "[a]n arbitrator's erroneous interpretations or applications of law are not reversible." *ARW Expl. Corp*, 45 F.3d at 1463. Rather, only "manifest disregard of the law" – meaning a "willful inattentiveness to the governing law" – is subject to reversal. *Id.* (quotation marks omitted). "Requiring more than error or misunderstanding of the law, … a finding of manifest disregard means the record will show the arbitrators knew the law and explicitly disregarded it." *Bowen*, 254 F.3d at 932.

Again, the arbitration record belies a finding that the Arbitrator manifestly disregarded the law. The Arbitrator "was presented with two opposing views" of the preclusive effect of the settlement agreement and "it adopted one of those views." *Abbott v. L. Off. of Patrick J. Mulligan*, 440 F. App'x 612, 622 (10th Cir. 2011) (quotation omitted).[4] Thus, at best, J&J has shown that the Arbitrator misapplied or misinterpreted the law. *See id.* But the Arbitrator's "possible adoption of a flawed argument is merely error, not manifest disregard of the law, and is not grounds for reversal under the FAA." *Id.* at 620.

---

statutory right. *Id.* at 91-93. Neither the state law principles nor the unique factual circumstances present in *Pearson Dental* are applicable here.

[4] Unpublished cases are cited for their persuasive value.

### *Conclusion*

J&J has not met its burden of establishing that this is one of the limited circumstances that warrants vacation of the arbitration award. Accordingly, the Motion to Vacate Arbitration Award [Doc. No. 149] is DENIED.

IT IS SO ORDERED this 14th day of July, 2026.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE